1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARLTON V. MOSLEY,                          No.  2:16-cv-0420 MCE AC P

12                      Plaintiff,

13         v.                                     ORDER

14    JEFFREY BEARD, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested appointment of counsel (ECF No. 2) and leave to proceed in forma pauperis

19    pursuant to 28 U.S.C. § 1915 (ECF No. 3).  Plaintiff has also filed a motion for leave to present a

20    late claim.  ECF No. 4.

21          I.      Motion for Appointment of Counsel

22          The United States Supreme Court has ruled that district courts lack authority to require

23    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

24    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

25    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

26    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

27          "When determining whether 'exceptional circumstances' exist, a court must consider 'the

28    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

1

*pro se* in light of the complexity of the legal issues involved.'" <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court has not screened plaintiff's complaint yet and is therefore unable to determine plaintiff's likelihood of success on the merits or his ability to explain his claims without assistance at this time. Given that this case is still in its preliminary stages, the court is unable to find the required exceptional circumstances and finds the motion premature. Plaintiff's motion for counsel will be denied at this time.

II.    <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 3. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.    <u>Motion for Leave</u>

Plaintiff has also filed a motion for leave to present a late claim. ECF No. 4. It appears that the motion has been filed in the wrong court. The motion is addressed to the Sacramento County Superior Court and seeks leave to file a late claim with the state claims board. <u>Id.</u> The court will therefore direct the Clerk of the Court to strike the motion from the record and return it to plaintiff so that he may file it with the proper court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 2) is denied.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The Clerk of the Court is directed to strike plaintiff's motion for leave to present a late claim (ECF No. 4) and return the motion to plaintiff.

DATED: July 22, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE