UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON V. MOSLEY, | No. 2:16-cv-0420 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. Complaint

Plaintiff names Jeffrey Beard, Jeff Macomber, and W. Sampley as defendants. ECF No. 1 at 2-3. The complaint does not contain any allegations against defendants Beard and Macomber,

although his attached claim to the Sacramento County Board of Supervisors he states that Beard is "legally responsible" for the Department of Corrections and Macomber is "legally responsible" for the California State Prison, Sacramento. Id. at 40-41. With respect to defendant Sampley, plaintiff alleges that on February 4, 2015, Sampley came to his cell and told him he was getting a cellmate. Id. at 5. Plaintiff then advised Sampley that he was on new medication, needed to see a "psych," and that "if someone comes into this cell with me they might get hurt." Id. In response, Sampley ordered plaintiff to accept a cellmate and when plaintiff refused, he was written up for delaying a peace officer/refusing assigned housing and escorted to the holding cells and then placed in administrative segregation. Id. at 5-7. While in administrative segregation plaintiff was given "single cell housing status on p[sy]ch concerns and further mental health evaluation." Id. at 7. At his disciplinary hearing plaintiff denied that he refused a cellmate and was found not guilty of the violation. Id. at 7-8. The complaint references two other incidents in 2011 and 2013 in which plaintiff was sent to administrative segregation but that do not appear to have involved any of the defendants. Id. at 9.

### III. Failure to State a Claim

#### A. Supervisory Defendants

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them."

Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Since the complaint contains no allegations against defendants Beard and Macomber, the court can only assume that they were named because of their respective positions as Secretary and warden, which is insufficient to state a claim for relief. Because plaintiff does not make any allegations against these defendants, they must be dismissed. However, since plaintiff may be able to amend the complaint to state a cognizable claim, he will be given an opportunity to amend.

### B. Eighth Amendment Violations

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Although plaintiff alleges that Sampley's actions constituted deliberate indifference and subjected him to unsafe housing conditions (ECF No. 1 at 39), he fails to allege facts that support

4

these claims because he has not shown that Sampley ignored an excessive risk to plaintiff's health or safety. Though Sampley allegedly wrote plaintiff up for refusing to accept a cellmate, he did not force plaintiff to house with another inmate. Instead, he placed plaintiff into administrative segregation where plaintiff remained single-celled and was given a mental health evaluation while awaiting his disciplinary hearing. There are no facts that show that plaintiff's health or safety were at risk from Sampley's actions and the claim will be dismissed. However, since plaintiff may be able to provide additional facts that would state a claim, he will be given an opportunity to amend.

### IV. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5

V.   Plain Language Summary of this Order for a Pro Se Litigant

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. It looks like you are suing defendants Beard and Macomber because they were the secretary and warden. You cannot sue Beard and Macomber just because they were in charge. If you want to state a claim against either of these defendants, you must either (1) explain how they were personally involved in the violation of your rights; (2) show that they were aware of their employees violating your rights or that you were in danger and they failed to stop the violations or prevent the danger; or (3) that they created or ignored a policy that led to your rights being violated. If you want to state a claim against defendant Sampley, you must explain how his actions put your health and safety at risk or what risk to your health and safety he ignored.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

SO ORDERED.

DATED: November 9, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE