UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON V. MOSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | No. 2:16-cv-0420 MCE AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By order filed November 13, 2017, the undersigned screened the complaint and determined that plaintiff had failed to state a claim upon which relief could be granted and the complaint was dismissed with leave to amend. ECF No. 18. Plaintiff has now filed an amended complaint. ECF No. 19.

    I.    <u>First Amended Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

////

The first amended complaint names Warden Macomber and Correctional Officer Sampley as defendants. ECF No. 19 at 2. Plaintiff alleges that Macomber violated his Eighth Amendment rights by failing to properly supervise his subordinates. Id. at 4-7. He also alleges that Sampley violated his rights under the Eighth and First Amendments. Id. at 8-17. Specifically, plaintiff alleges that Sampley "used excessive force" when he assigned inmate Urias to be plaintiff's cellmate. Id. at 8-15. Plaintiff advised Sampley that he had concerns for his safety if Urias was housed with him, and a few days later Urias was assaulted by two other inmates. Id. at 11-12. He further alleges that Sampley retaliated against him for filing grievances by writing him up on a false disciplinary violation and putting him in administrative segregation. Id. at 16-17.

II. Failure to State a Claim

A. Supervisory Defendant

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has not alleged any facts against defendant Macomber that would establish that Macomber violated his rights. Instead he relies solely on conclusory assertions that Macomber failed to adequately supervise his subordinates, leading to a violation of plaintiff's rights. These conclusory assertions against Macomber are insufficient to state a claim and the claims against Macomber must therefore be dismissed.

### B. Eighth Amendment Violations

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Furthermore, "[i]n its prohibition of 'cruel and unusual punishments,' the Eighth Amendment [also] places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Although plaintiff makes multiple claims that Sampley used excessive force against him, there are no allegations of physical force (ECF No. 19 at 8-15) and he therefore fails to state a

3

claim for use of excessive force. To the extent that he is attempting to allege that Sampley's actions in trying to house him with Urias subjected him to unsafe housing conditions (id.), he once again fails to allege facts that support these claims because he has not shown that Sampley ignored an excessive risk to his health or safety. Though Sampley allegedly assigned Urias to share a cell with plaintiff, there is no allegation that Sampley actually forced them to house together. Id.

In the original complaint, plaintiff alleged that after he refused to accept Urias as a cellmate, Sampley escorted plaintiff to administrative segregation where plaintiff remained single-celled and was given a mental health evaluation while awaiting his disciplinary hearing. ECF No. 1 at 6-7. Though these facts are absent from the first amended complaint, the grievance attached to the amended complaint again indicates that rather than forcing plaintiff to house with Urias, Sampley instead wrote plaintiff up for refusing the housing assignment and transferred him to administrative segregation. ECF No. 19 at 26. There are no facts that show that plaintiff's health or safety were at risk from Sampley's actions and the claim will be dismissed.

### C. First Amendment Violations

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns.").

Plaintiff makes a conclusory assertion that defendant Sampley wrote him up on a fabricated rules violation in retaliation for pursuing lawsuits and filing grievances. ECF No. 19 at 16-17. However, plaintiff fails to allege any facts that demonstrate Sampley's motive was

retaliatory, and the grievance he attaches indicates that he was written up for refusing a housing assignment. Id. at 26-27. That plaintiff was ultimately found not guilty of the violation does not necessarily demonstrate that Sampley was retaliating against him, particularly when it appears that plaintiff did in fact refuse the housing assignment. The claim for retaliation therefore fails.

However, plaintiff makes an additional assertion that Sampley threatened him with excessive force because he exercised his right to seek redress through the grievance process. Id. at 16-17. It appears that he may be attempting to claim that the decision to place Urias in his cell was retaliatory. Accordingly, since plaintiff may be able to allege additional facts that would state a claim for relief, he will be given a final opportunity to amend the complaint. If plaintiff chooses to amend the complaint, he will need to explain why he believes that Sampley's conduct was motivated by his filing of grievances and lawsuits.

III. Leave to Amend

As addressed above, the first amended complaint fails to state a claim and plaintiff will be given one final opportunity to amend. If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

5

amended complaint to preserve appeal). Once plaintiff files a second amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. Plain Language Summary of this Order for a Pro Se Litigant

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. It looks like you are suing defendant Macomber because he was the warden. You cannot sue Macomber just because he was in charge. If you want to state a claim against Macomber, you cannot just say that he failed to supervise his employees. You have to explain how he failed to supervise them and how that violated your rights. If you want to state a claim against defendant Sampley for violating your Eighth Amendment rights, you must explain how his actions put your health and safety at risk, or what risk to your health and safety he ignored. If you want to state a claim against Sampley for retaliation, you need to explain why you think he was acting in response to you filing lawsuits and grievances.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original and first amended complaint. **Any claims not in the second amended complaint will not be considered and this will be your last chance to try to amend the complaint.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 19) is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS SO ORDERED.

DATED: February 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7